IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIUS L. SPELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-0803 |
| STATE OF MARYLAND HUMAN RELATIONS COMMISSION, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This employment discrimination action arises out of a Complaint brought by Julius L. Spell ("Spell" or "Plaintiff"), proceeding *pro se*, against the State of Maryland Commission on Human Relations ("MCHR"), MCHR Deputy Director J. Neil Bell, MCHR employee Maria Andrew, The National Great Blacks in Wax Museum ("Museum"), Museum Co-owner Dr. Joane M. Martin, Museum Supervisor Carol Jolly, the Senior Community Service Employment Program ("SCSEP"), and SCSEP Director Sandra Ferguson (collectively "Defendants"). The Plaintiff alleges that he was unlawfully discriminated against on the basis of his religion and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. Pending before this Court are Defendants' Motions to Dismiss for failure to state a claim, failure to exhaust administrative remedies, and failure to provide sufficient service, (ECF Nos. 10, 13 & 33). Also pending before this Court is Plaintiff's Motion to Grant Discovery and Request Representation (ECF No. 22). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that

follow, Defendants' Motions to Dismiss (ECF Nos. 10, 13, & 33) are GRANTED. Plaintiff's Motion to Grant Discovery and Request Representation (ECF No. 22) is DENIED.

BACKGROUND

Spell filed his *pro se* Complaint by using a form provided by this Court, and checking boxes to delineate his claims. Compl., ECF No. 1. Thereafter Spell filed a Supplement to Complaint. (ECF No. 6). The Complaint and the Supplement contain most of the factual allegations made by the Plaintiff. However, the Plaintiff also attempts to clarify or further delineate his allegations in subsequent pleadings. *See* ECF Nos. 22, 23, 24, 25 & 26. As the action is currently before this Court on Defendants' Motions to Dismiss, the Court will "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In addition, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's Complaint does not provide a clear recitation of the relevant facts. However, it appears that Spell participated in the Senior Community Service Employment Program ("SCSEP"), which thereby enabled him to receive job training at the Museum. Compl. at 2. On page two of Spell's Application to Proceed in District Court Without Prepaying Fees of Costs (ECF No. 2), Plaintiff lists the SCSEP as his employer, from which he claims to receive four hundred and sixty dollars per month. Spell does not provide, however, the dates of his employment. *Id.* In addition, Spell includes the Catholic Charities SCSEP Participant Handbook in his attached exhibits, which describes in more detail the SCSEP in which he was enrolled. Plaintiff claims that he met all obligations required by the SCSEP, and that he never received a

complaint or any notice from any of the Defendants that he had violated any SCSEP rule or guideline. Compl. at 2. Consequently, Plaintiff's Complaint alleges that SCSEP denied him the opportunity for a job transfer to Chimes[1] from April 2009 through July 28, 2009, on the basis of his national origin and religion. *Id.* Spell also claims that his supervisor at the Museum deliberately lied in order to deny Plaintiff the job opportunity at Chimes. *Id.* at 3. Moreover, Spell alleges that he was terminated from his employment at the Museum on August 13, 2009. *Id.* at 2. According to Plaintiff, he filed charges with MCHR on November 16, 2009, and MCHR acted unethically when it denied his claim and did not permit the rescheduling of his settlement hearing. *Id.* Plaintiff alleges that he filed charges with the Equal Employment Opportunity Commission ("EEOC"), and that he received a right to sue letter, dated January 24, 2011. *Id.* at 3. Plaintiff seeks injunctive relief, back pay, reinstatement, monetary damages and attorney's fees. *Id.* at 3-4.

Spell filed this Complaint on March 28, 2011 and the Supplement to the Complaint on April 26, 2011. (ECF Nos. 1 & 6). In response, Defendants MCHR, Mr. Bell and Ms. Andrew filed a Motion to Dismiss for Failure to State a Claim (ECF No. 10); Defendants SCSEP and Ms. Ferguson filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (ECF No. 13); and Defendant Museum filed a Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim, and for Insufficient Service of Process (ECF No. 33). Plaintiff filed several responses from July 8, 2011 until August 4, 2011. (ECF Nos. 22, 23, 24, 25 & 26).

## STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are decided under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In this case, Defendants MCHR, Mr. Bell, and Ms.

---

[1] Chimes Family of Services is an international multi-service agency which provides programs and services for people of all ages and all abilities in six states, including Maryland, and the country of Israel. *See* www.chimes.org.

3

Andrew seek to dismiss this action under Rule 12(b)(6), claiming that Plaintiff has failed to state a claim upon which this Court could grant relief because Defendants are not Plaintiff's employers under Title VII. While there is some authority for the proposition that the nature of Defendants' challenge is based upon the merits, the United States Court of Appeals for the Fourth Circuit has held that the determination as to whether a defendant is an "employer" under Title VII is properly considered under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Woodard v. Virginia Bd. of Bar Examiners,* 598 F.2d 1345 (4th Cir. 1979). Thus, the Court must weigh the evidence and make a determination as to the Court's subject matter jurisdiction over this matter. *See Oram v. Dalton,* 927 F. Supp. 180, 184 (E.D. Va. 1996).

"The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.,* 366 F. Supp. 2d 289, 294 (D. Md. 2005). The court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction over the case." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). "The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Biktasheva,* 366 F. Supp. 2d at 294 (quoting *Richmond,* 945 F.2d at 768).

Generally, when considering a Rule 12(b)(1) motion to dismiss based upon lack of subject matter jurisdiction, courts should accept the plaintiff's well-pleaded allegations as true and construe the complaint in favor of the plaintiff. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). However, where, as here, the challenge is to the factual basis of subject matter jurisdiction, courts "regard the pleadings' allegations as mere evidence on the issue." *Richmond,* 945 F.2d at 768. The plaintiff bears the burden of proving subject matter jurisdiction. *Id.* (citing

4

*Adams,* 697 F.2d at 1219; *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1559 (9th Cir. 1987)). Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." When considering a factual challenge to the court's subject matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. . . ." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* Furthermore, "[u]nlike the procedure in a Rule 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a Rule 12(b)(1) [motion] weighs the evidence to determine its jurisdiction." *Adams,* 697 F.2d at 1219.

ANALYSIS

**I.     Plaintiff's Claims Against MCHR, SCSEP, and Museum**

Defendants MCHR, SCSEP, and Museum move to dismiss Plaintiff's Complaint on the grounds that they cannot be held liable for employment discrimination under Title VII because they are not Plaintiff's employer. Title VII provides that "[i]t shall be an unlawful employment practice for an *employer* to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C.S. § 2000e-3(a) (emphasis added). In his Complaint, Plaintiff claims that he was terminated from his employment on August 13, 2009, and refers to being "discharged" from the Museum. However, Plaintiff does not specifically allege that he was employed by any of the Defendants. Defendants' Motions claim that they are not Plaintiff's employer, and therefore cannot be held liable for employment discrimination.

Plaintiff does not appear to dispute this. In fact, while Plaintiff explains in his Response in Opposition that he does not completely understand Title VII, he states that SCSEP's claim that it is not Plaintiff's employer should not excuse SCSEP from their alleged direct involvement in violating Plaintiff's rights. Resp. in Opp. at 2, ECF No. 23.

### A. MCHR

Because Defendants challenge the Plaintiff's factual basis of subject matter jurisdiction, this Court will "regard the pleadings' allegations as mere evidence on the issue," *Richmond,* 945 F.2d at 768, to determine whether the Plaintiff has "set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Adams,* 697 F.2d at 1219; *Trentacosta,* 813 F.2d at 1559). While a pro se litigant's pleadings are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff does not allege that MCHR was his employer, nor does he allege facts sufficient to allow this Court to make such an inference. Therefore, the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Biktasheva,* 366 F. Supp. 2d at 294 (quoting *Richmond,* 945 F.2d at 768). For this reason, Defendant MCHR's Motion to Dismiss (ECF No. 10) is GRANTED. Plaintiff's claims against MCHR are hereby DISMISSED WITH PREJUDICE.

### B. Museum

It appears that Plaintiff does not understand that Title VII only applies to discrimination by an employer. However, Plaintiff does allege that he was terminated from his employment and that he was discharged from the Museum. Plaintiff was working at the Museum through his enrollment with the SCSEP. Therefore, this Court first looks to the federal regulations governing the SCSEP for guidance. 20 C.F.R. § 641. The provisions in Subpart E concerning Services to Participants, state that SCSEP participants are not Federal employees, and if a federal agency is a

grantee or host agency, then section 641.590 applies. 20 C.F.R. § 641.585. According to the regulation's definitions of "grantee"[2] and "host agency,"[3] the grantee in this case is Catholic Charities, and the host agency is Museum. Neither Catholic Charities nor Museum is a federal agency. Thus, section 641.590 is not applicable.

Rather, this Court applies the Fourth Circuit's test for determining whether an employee-employer relationship exists for purposes of federal anti-discrimination laws:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. No one of these factors is determinative. *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) (citations and footnotes omitted). We recently applied these factors in *Cilecek* and added that the parties' beliefs regarding the nature of the employment relationship are significant. *See* 115 F.3d at 259-63.

*Farlow v. Wachovia Bank of North Carolina*, 259 F.3d 309 (4th Cir. 2001).

---

[2] "*Grantee* means an entity receiving financial assistance directly from the Department to carry out SCSEP activities. The grantee is the legal entity that receives the award and is legally responsible for carrying out the SCSEP, even if only a particular component of the entity is designated in the grant award document. Grantees include States, Tribal organizations, territories, public and private nonprofit organizations, agencies of a State government or a political subdivision of a State, or a combination of such political subdivisions that receive SCSEP grants from the Department. (OAA sec. 502). In the case of the section 502(e) projects, grantee may be used to include private business concerns. As used here, "grantees" include "grantees" as defined in 29 CFR 97.3 and "recipients" as defined in 29 CFR 95.2(g)." 20 C.F.R. § 641.140.

[3] "*Host agency* means a public agency or a private nonprofit organization exempt from taxation under the provisions of section 501(c)(3) of the Internal Revenue Code of 1986, other than a political party, which provides a work site and supervision for one or more participants. (See also OAA sec. 502(b)(1)(C)). A host agency may be a religious organization as long as the projects do not involve the construction, operation, or maintenance of any facility used or to be used as a place for religious instruction or worship." 20 C.F.R. § 641.140.

The Catholic Charities SCSEP Participant Handbook states that the goal of SCSEP is "to promote the . . . well being of older workers by providing part-time community service assignment in agencies that serve the needs of the community, as well as providing employment preparation for older workers to enter or re-enter the job market." Handbook at 1. This handbook further describes the arrangement with a host agency, where a SCSEP participant works for twenty hours per week, and performs the duties listed in his or her written training assignment. *Id.* at 4. Both the participant and the host agency are required to "adhere to the written description in all aspects." *Id.* Moreover, "[a]ny changes in hours, duties, or other factors must be approved by the Project Director." *Id.* Consequently, the Museum did not have the "right to assign additional projects to the hired party." *Reid,* 490 U.S. at 751-52. The duration of the relationship between Museum and Spell was subject to the mandated limit of forty-eight months. *See* Handbook at 6. Therefore, it was Catholic Charities who had control over this aspect of the relationship, and not the Museum.

It appears the Museum also lacked control over the method of payment, as Spell claimed that he received four hundred and sixty dollars in gross monthly pay from Senior Community Employment Program, which he listed as his employer on page two of his Application to Proceed in District Court Without Prepaying Fees of Costs. ECF No. 2. Spell does not allege the receipt of any payment from Museum. In sum, the documents in the pleadings demonstrate that Museum lacked control over the "manner and means by which the product [wa]s accomplished." *Reid,* 490 U.S. at 751-52. Therefore, applying the aforementioned factors to the relevant facts in this case, the Museum was not Spell's employer under Title VII.

In addition, "legislative history indicates that SCSEP participants are not to be considered employees of grantees and national sponsors." *Henderson v. YMCA*, RHM-05-3179, 2006 WL

8

752792 (C.D. Ill. 2006). "[T]he Senate Committee on Appropriations Report to the Departments of Labor, Health and Human Services, and Education and Related Agencies Appropriation Bill, 1993 states:

> The Committee reaffirms that participants in the Senior Community Service Employment Program are enrollees in a work experience program. They are not employees of the U.S. Department of Labor or State and national sponsors administering the Senior Community Service Employment Program. S. Rep. No. 102-397, at 15 (1992).

*Id.* Moreover, the Senate Committee on Appropriations Report to the Departments of Labor, Health and Human Services, and Education and Related Agencies Appropriation Bill, 1994 states:

> The Committee reaffirms that participants in the Senior Community Service Employment Program are enrollees in a work and training experience program. They are not employees of the Department of Labor or State and national sponsors administering the SCSEP. S. Rep. No. 103-143, at 16 (1993).

*Id.* In light of the foregoing, this Court concludes that Museum was not Plaintiff's employer, and Defendant Museum's Motion to Dismiss (ECF No. 33) is GRANTED. Plaintiff's claims against Museum are hereby DISMISSED WITH PREJUDICE.

    C.    SCSEP

Under Title VII, the term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . ." 42 U.S.C.S. § 2000e. The SCSEP "is a program administered by the Department of Labor that serves low-income persons who are 55 years of age and older and who have poor employment prospects by placing them in part-time community service positions and by assisting them to transition to unsubsidized employment." 20 C.F.R. § 641.110. SCSEP is a program, not a person, and consequently SCSEP does not have any employees. The SCSEP in which Spell was

enrolled was administered by Senior Service America, Inc., on behalf of the U.S. Department of Labor. Therefore, SCSEP does not satisfy the definition of employer for Title VII. For this reason, Defendant SCSEP's Motion to Dismiss (ECF No. 13) is GRANTED. Plaintiff's claims against SCSEP are hereby DISMISSED WITH PREJUDICE.

> **II.    Plaintiff's Claims Against Mr. Bell, Ms. Andrew, Ms. Ferguson, Dr. Martin, and Ms. Jolly**

Regarding the individually named Defendants – Mr. Bell, Ms. Andrew, Ms. Ferguson, Dr. Martin, and Ms. Jolly – these individuals appear to be Plaintiff's supervisors. It is well-established, however, that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). In *Lissau*, the Fourth Circuit held that only an employer may be held liable for Title VII violations, and that individual liability under the Act "would improperly expand the remedial scheme crafted by Congress." *Id.* Moreover, in one of Plaintiff's Responses to Defendants' Motions to Dismiss, he states that he has never considered Mr. Bell or Ms. Andrew to be his employer. Pl.'s Resp. Mot. to Mot. to Dismiss Be Denied at 4, ECF No. 24. Plaintiff acknowledges that he "may have made a mistake on Mr. Bell," but that Ms. Andrew was directly involved and should be liable. *Id.* Consequently, Plaintiff's Title VII claims against the aforementioned individually named Defendants fail as a matter of law. For these reasons, Defendants Mr. Bell, Ms. Andrew, and Ms. Ferguson's Motions to Dismiss (ECF Nos. 10 & 13) are GRANTED. Although Dr. Martin and Ms. Jolly have not responded to Plaintiff's Complaint, this Court *sua sponte* dismisses the Complaint against them because it appears from Plaintiff's pleadings that Dr. Martin and Ms. Jolly likewise would be Plaintiff's supervisors. Thus, in accordance with *Lissau*, the Complaint against them is dismissed. As a result, the Complaint against Mr. Bell, Ms. Andrew, Ms. Ferguson, Dr. Martin, and Ms. Jolly is hereby DISMISSED WITH PREJUDICE.

### III. Plaintiff's Motion to Request Counsel

On March 28, 2011, Plaintiff moved to appoint counsel. (ECF No. 22). Title VII allows a district court to appoint counsel to represent a person complaining of discrimination: "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant. . . ." 42 U.S.C. § 2000e-5(f)(1). This provision grants to Title VII litigants the right to request an attorney, but "it does not create a statutory right to have counsel actually appointed." *Poindexter v. Federal Bureau of Investigation*, 737 F.2d 1173, 1179 (D.C. Cir. 1984); *see also, e.g., Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2nd Cir. 1983); *Anderson v. Potter*, 149 Fed. Appx. 175 (4th Cir. 2005) ("Title VII litigants have no statutory right to counsel."). The decision whether to appoint counsel is within the discretion of the trial judge. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Upon review of Plaintiff's Motion, the Court finds there are no exceptional circumstances to merit appointment of counsel. Spell's pleadings adequately present his claims and the legal issues do not appear unduly complex. Therefore Plaintiff's Motion to Appoint Counsel (ECF No. 22) is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 10, 13, & 33) are GRANTED. Plaintiff's Motion to Grant Discovery and Request Representation (ECF No. 22) is DENIED. Plaintiff's Complaint with respect to Defendants MCHR, Mr. Bell, Ms. Andrew, SCSEP, Ms. Ferguson, Museum, Dr. Martin, and Ms. Jolly is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: November 28, 2011                /s/_____
                                        Richard D. Bennett
                                        United States District Judge